274 So.2d 867 (1973)
JIM WALTER CORPORATION
v.
Jack EMANUEL and Gale Emanuel.
No. 5286.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
Rehearing Denied April 3, 1973.
*868 Walton J. Barnes, II, Arthur J. Boudreaux, III, Baton Rouge, for plaintiff-appellant.
Francis Dugas, Thibodaux, for defendants-appellees.
Before REGAN, REDMANN and BOUTALL, JJ.
REGAN, Judge.
Plaintiff, Jim Walter Corporation, filed this suit against the defendants, Jack and Gale Emanuel, endeavoring to recover $3631.08, representing the price defendants agreed to pay for construction of the outside "shell" of a building on their property in Grand Isle, Louisiana. In the alternative, plaintiff requested the rendition of a judgment in quantum meruit for work performed on and material delivered to the defendants' property.
Defendants answered and asserted that the plaintiff breached the contract by not constructing the "shell" of a building within a reasonable time, thus entitling defendants to withdraw from the agreement. Defendants then reconvened for damages which they assert were incurred by them as a result of the delay.
From a judgment dismissing plaintiff's main demand and defendants' reconventional demand, only the plaintiff has appealed.
The record discloses these facts: In May 1969, the defendants signed a contract wherein the plaintiff agreed to construct the outside shell of a house to be erected upon pilings. Plaintiff's salesman promised construction would be completed within four to eight weeks. The first phase of construction, i.e., the "jetting in" of the piling, was performed in an unworkmanlike manner since the piles leaned and were improperly aligned. Defendant, Jack Emanuel, made innumerable requests to the agents of the plaintiff who were located in Houma, Louisiana, to realign the pilings and to complete the job. Apparently these requests were ignored.
In October 1969, the defendants advised plaintiff to cancel the contract. Some time before, lumber and framing materials had been delivered to the jobsite and had been dumped upon the ground without protective covering. Some materials had been stolen and those that remained had deteriorated from being left unprotected from the elements. It was not until the defendant, Emanuel, cancelled the agreement that one of plaintiff's officials from the Houma office visited the jobsite. At this point Emanuel told plaintiff's representative to stay off his property.
The trial court found that: (1) defendants were entitled to withdraw from the agreement because plaintiff delayed performance for an unreasonable time; (2) plaintiff was not entitled to a lien on the property for the pilings since the materials were defective, their installation faulty and they were not used in the construction of the building; and (3) defendants were not responsible for the materials stolen from the site.
We agree with these findings. First, the record fully supports our concluding that performance was unreasonably delayed.
Not only did Emanuel testify that the job was promised to be completed within four to eight weeks, but all of plaintiff's witnesses testified that a building of this type can be finished within 30 to 45 days after the agreement is consummated. Defendants, after having made repeated requests for performance, withdrew from the agreement four months after it was entered into. Second, the testimony of Emanuel, which obviously was accepted by the trial court, established that the pilings *869 were "untreated" and riddled with termites when delivered, and when installed, were done so in a defective manner.
Finally the testimony adduced herein convinces us that the materials delivered to the jobsite were stolen and what remained was not used in connection with the job.
Plaintiff contends proof of delivery of the materials is sufficient to entitle the materialman to a lien and relies on Laney Co. v. Airline Apartments.[1] That case simply reasons that once it is proven that materials have been delivered to the jobsite, the burden then shifts to the owner to establish that they were not incorporated in the job. Defendants herein have successfully carried that burden.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] 223 La. 1900, 67 So.2d 570 (1953).